﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190429-7580
DATE: November 29, 2019

ORDER

Entitlement to an initial rating in excess of 50 percent, for anxiety disorder is denied.

Entitlement to an initial compensable rating for hypertension is denied.

FINDINGS OF FACT

1. For the entire period on appeal, the occupational and social impairment from the Veteran’s anxiety has been manifested by reduced reliability and productivity.

2. The Veteran’s hypertension is not manifested by diastolic pressure of predominantly 100 or more, or a history thereof, or systolic pressure of predominantly 160 or more.

CONCLUSIONS OF LAW

1. The criteria for an initial rating in excess of 50 percent for anxiety disorder have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.7, 4.130, Diagnostic Code 9413 (2019).

2. The criteria for an initial compensable rating for hypertension have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.7, 4.104, Diagnostic Code 7101 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran had active military service from April 1967 to November 1968. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the February 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed that RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

1. Increased Rating – Anxiety Disorder 

The Veteran has asserted that he should have a higher rating for his anxiety as his symptoms are worse than those contemplated by the currently assigned rating.

At a January 2018 VA examination, the Veteran reported that he was divorced and currently not in a relationship or dating. He reported that he had friends, spent time with his son and grandchildren, and that he had his dog as a supportive companion. The Veteran reported that he enjoyed going to the gym regularly with a friend and tried to stay active. He reported that he had experienced persistent anxiety his entire adult life since his service in Vietnam in 1968. He reported that he experienced symptoms or irritability, sleep impairment, nightmares, road rage, increased anxiety in crowded spaces, exaggerated startle response, concerns about safety, avoidance, restlessness, and difficulty participating in and fully enjoying social events. The Veteran reported a career in mortgage banking that began in 1973. He reported he had enjoyed his work and was even mentoring a young man to take his place when the company ran into some difficulties and closed. He reported that while he had done some consulting since then, he had not been employed since. The Veteran reported that he met with a Coping group at the Vet Center every other week as recommended by his mental health treatment provider. He reported that he did not take medication for his mental health symptoms, but that some of his symptoms had improved over time. The Veteran reported that he was learning to manage his anger with maturity, but it was a work in progress. He denied feeling symptoms of depression, but reported that he battled with “low mood” in everyday life. He reported having one panic attack approximately four years prior, but reported that he had not had one since. The examiner noted that the Veteran exhibited symptoms of nightmares, avoidance, persistent and exaggerated negative beliefs, persistent negative emotional state, irritable behavior, angry outbursts, exaggerated startle response, and sleep impairment. 

Upon mental status examination, the examiner noted that the Veteran was on time, cooperative, alert, and oriented. The Veteran appeared to be in good physical condition for his age. His attire was casual. The Veteran’s grooming was adequate, and he had an overgrown grey beard. His affect was irritable and anxious. The Veteran’s speech was mildly pressured, but within normal limits. The Veteran had low eye contact. The examiner noted that the Veteran’s left leg was bouncing, while he was speaking. His communication was linear, relevant, and logical. There was no report or evidence of delusions or hallucinations. The Veteran had the following listed symptoms: depressed mood, anxiety, chronic sleep impairment, disturbances in motivation and mood, and difficulty adapting to stressful circumstances, including work or a work like setting. The examiner diagnosed anxiety disorder and noted that it was manifested by social and occupational impairment with decrease in work efficiency and intermittent periods of inability to perform occupation tasks, although generally functioning satisfactorily, with normal routine behavior, self-care, and conversation.

A review of the record shows that the Veteran receives periodic treatment for his anxiety. However, a review of the treatment notes of record does not show the Veteran to have symptoms worse than those reported at his VA examination. 

The Board finds that the Veteran is not entitled to an initial rating in excess of 50 percent for his anxiety. In this regard, the occupational and social impairment manifested by the Veteran’s anxiety has not reached the point of reduced reliability and productivity. Specifically, the Veteran does not have impairment in judgement, thinking, thought processes, and memory. He has not exhibited hallucinations or delusions, and he does not display obsessional rituals that interfere with his ability to perform activities of daily living. The Veteran has not reported suicidal or homicidal ideation, and he has not been deemed to be a persistent danger to himself or others. Further, while the Veteran has been noted to have difficulty in maintaining relationships, he self-reported that he has good relationships with his son and grandchildren, that he works out with a friend, and that he has several friends. Additionally, while the Veteran’s anxiety has been shown to impact his ability to maintain employment, it alone does not cause deficiencies in most areas. In this regard, there is no indication from the record that the Veteran lost time from work as a result of his anxiety, or that he was counseled for behavioral issues as a result of anxiety. Further, the January 2018 VA examiner noted that the Veteran’s anxiety resulted only in decreased work efficiency and intermittent periods of inability to perform occupational tasks, and not deficiencies in most areas. Therefore, the Board finds that the Veteran’s symptoms do not more closely approximate social and occupational impairment with deficiencies in most areas. As such, a higher initial rating for anxiety is not warranted. 38 C.F.R. § 4.130, Diagnostic Code 9413 (2019).

Consideration has been given to assigning staged ratings. However, at no time during the period in question has the disability warranted a higher schedular rating than that assigned. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to an initial rating in excess of 50 percent for anxiety is not warranted. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Increased Rating — Hypertension 

The Veteran asserts he is entitled to a compensable rating for his hypertension as his symptoms are worse than contemplated by the currently assigned rating. 

Post-service treatment records show blood pressure readings of 124/70 in March 2018, and 140/90 and 138/77 in August 2018. Additional post-service treatment records on file do not show systolic readings of 160 or over, or diastolic readings of 100 or over.

The Veteran was afforded a VA examination for his hypertension in January 2018. The examiner noted that the Veteran’s symptoms had their onset in 2004 and that the Veteran was currently taking Valsartan for his hypertension. The Veteran’s blood pressure readings at that time were as follows: 130/80, 132/80, and 134/80. The examiner reported that the Veteran’s hypertension did impact his ability to work.

In sum, while the record demonstrates that the Veteran is required to take medication for control of his hypertension, neither the blood pressure readings taken in conjunction with the January 2018 VA examination nor any post-service treatment record from the date of his claim forward shows that diastolic pressure is predominantly 100 or more, or systolic pressure is predominantly 160 or more.

In light of the foregoing, the criteria for a rating of 10 percent based on diastolic pressure of predominantly 100 or more, or a history of diastolic pressure of predominantly 100 or more with continuous medication, or systolic pressure predominantly 160 or more, are not met. 38 C.F.R. § 4.104, Diagnostic Code 7101 (2019). Accordingly, a compensable rating for hypertension is not warranted at any point during the duration of this appeal period.

Consideration has been given to assigning staged ratings. However, at no time during the period in question has the disability warranted a higher schedular rating than that assigned. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to an initial compensable rating for hypertension is not warranted. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Ikechukwu Umez-Eronini, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.